**UNITED STATES of America,**
**Appellee,**

v.

**Jesus COLON, also known as Tyson,**
**Defendant–Appellant.**

**Nos. 98–1482(L), 98–1665.**

United States Court of Appeals,
Second Circuit.

Jan. 4, 2001.

Robert G. Golger, Quatrella & Rizio, Fairfield, CT, for appellant.

Robert M. Appleton, Assistant United States Attorney, Bridgeport, CT, for appellee.

Present OAKES, JACOBS and PARKER, Circuit Judges.

### SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the district court be AFFIRMED.

Jesus Colon was indicted along with others in a case involving the Connecticut chapter of the Almighty Latin King Nation ("Latin Kings"), a gang collectively charged with numerous crimes involving violence, drug trafficking, and racketeering. Colon was convicted of seven counts alleging various crimes stemming from his involvement in the Latin Kings. He was sentenced chiefly to five life sentences and two sentences of 120 months, all to run concurrently. Colon appeals a single count, involving the commission of a violent crime in aid of racketeering ("VCAR"), for which he received the mandatory sentence of life imprisonment.

The violent crime in question is the murder of Ronald Foreman. Foreman was a passenger in a van traveling through a block controlled by the Latin Kings, an area in which the Kings conducted substantial narcotics transactions. The driver stopped to speak with a woman associated with the Kings, whereupon Colon walked over to the van and fired at its passengers with a submachine gun. No connection between the occupants of the van and the Latin Kings is alleged. One of the bullets struck Foreman in the head.

Colon makes two challenges to this conviction: that the evidence linking the murder of Ronald Foreman to the Latin Kings conspiracy was not sufficient; and that the trial court improperly denied defense counsel's request for a jury instruction on the lesser included charge of manslaughter.

█ To prove VCAR murder, the prosecution must demonstrate that the murder was committed to maintain or increase Colon's position within the Latin Kings. *See* 18 U.S.C. § 1959; *United States v. Concepcion,* 983 F.2d 369 (2d Cir.1992). The government argues that the murder is tied to the conspiracy because the killing occurred in the drug territory controlled by the Kings and came at a time when Colon, part of the local Latin Kings leadership in that territory, was under scrutiny from bosses concerning the security of the block and the activities of a rival gang. The government thus casts the murder as an assertion of authority over the area. The fact that Colon was subsequently "promoted" within the gang reinforces this interpretation of the murder.

█ "When a defendant challenges the sufficiency of the evidence underlying his conviction, we review the evidence in the light most favorable to the government, drawing all possible inferences in favor of the prosecution.... The ultimate question is not whether we believe the evidence adduced at trial established defendant's guilt beyond a reasonable doubt, but whether any rational trier of fact could so find." *United States v. Payton,* 159 F.3d 49, 55–56 (2d Cir.1998) (citations omitted). We conclude that the government present-

ed evidence sufficient for a rational jury to find that the murder of Ronald Foreman was committed in furtherance of the Latin Kings conspiracy.

The court's decision to deny an instruction on lesser included offenses is consistent with this Court's ruling that manslaughter is not a lesser included offense of VCAR murder. *See United States v. Diaz,* 176 F.3d 52, 100–101 (2d Cir.1999).

For the reasons set forth above, the judgment of the district court is hereby AFFIRMED.